## JURISDICTION OF THE MUNICIPAL COURT OF CLEVELAND.

Circuit Court of Cuyahoga County.

S. F. SLANSKY v. P. W. GAUGHAN.

Decided, November 18, 1912.

*Municipal Court of Cleveland, Jurisdiction of.*

When personal service has been secured in the city, the municipal court in the city of Cleveland has jurisdiction in an action on contract against a householder and resident of another township or municipality within the county, where the amount claimed is less than $2,500.

*Fred Desberg* and *A. W. Lamson,* for plaintiff.
*Gaughan & Collins,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error had its inception in an action brought in the municipal court of the city of Cleveland, in which the plaintiff in error was plaintiff and the defendant in error was defendant.

The statement of claim filed in the municipal court shows that the action was for the recovery of $20.50 for work and labor performed and material furnished. Personal service was obtained on the defendant within the city of Cleveland.

A motion to quash service of summons was made by the defendant on the ground that the defendant was a resident and householder of the village of Cleveland Heights, Cuyahoga county, Ohio, and not a resident of the city of Cleveland.

This motion was overruled and the defendant then filed a statement of defense, in which the same facts relied on to support the motion were set forth in the first defense. The case proceeded to trial and resulted in a judgment against the defendant for the amount sued for.

The defendant prosecuted error in the court of common pleas, and there secured a reversal of the judgment of the municipal court.

By this proceeding in error a reversal of the judgment of the court of common pleas is sought.

The question presented for our determination is whether the defendant in the original action who, it was admitted, was a resident of Cleveland Heights village, Cuyahoga county, Ohio, and a householder therein, and not a resident of the city of Cleveland, could be held to answer the summons in the action from the municipal court, personally served on him within the city of Cleveland.

Section 6 of the act amending and supplementing an act providing for the establishment of a municipal court in the city of Cleveland, found in 102 O. L., 156 (P. & A. Ann. O. General Code, Section 1579-6), contains the following provision:

"The municipal court shall have original civil jurisdiction within the limits of the city of Cleveland in the following cases: 1. In all actions and proceedings of which justices of the peace have or may be given jurisdiction."

Section 10225, General Code, provides that except as provided in the next preceding section, no householder or freeholder resident of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except in certain cases which are enumerated in the statute.

The cause of action sued on in the municipal court was one over which a justice of the peace would have jurisdiction and it did not fall within any of the exceptions enumerated in said Section 10225.

It is argued in support of the judgment of the court of common pleas that since the municipal court is given jurisdiction in all actions and proceedings of which justices of the peace have jurisdiction, it must, by implication, assume that jurisdiction, subject to all the restrictions and limitations attaching to the exercise thereof by justices of the peace, and that since the defendant in the original action could not have been held to answer the summons of a justice of the peace issued against him in any township of Cuyahoga county, other than the one in which he resides, on the claim involved in this action, he likewise could not be held to answer the summons of the municipal court of the city of Cleveland.

This contention would be sound unless the Legislature has by appropriate language expressly conferred jurisdiction on the municipal court in cases of the kind under consideration in such a way as to indicate an intention to remove the implication suggested.

Proceeding to an examination of other provisions of said Section 6 we find that subdivision 3 thereof gives to the municipal court original jurisdiction within the limits of the city of Cleveland of "all actions on contracts, expressed or implied, when the amount claimed by the plaintiff, exclusive of all costs, does not exceed twenty-five hundred dollars."

Here is an express and unqualified conferring of jurisdiction on the municipal court of all actions on contract, expressed or implied, when the amount claimed, exclusive of costs, does not exceed twenty-five hundred dollars. This express provision must control any limitation or qualification on the exercise of jurisdiction over the class of cases mentioned therein that might accompany the assumption of jurisdiction solely under authority of subdivision 1 of said Section 6.

The action of the municipal court was on contract; the amount was within the jurisdiction of the court, and by virtue of said subdivision 3 of said Section 6, the court had jurisdiction thereof within the limits of the city of Cleveland, and service on the defendant within said city was properly made.

The court of common pleas erred in reversing the judgment of the municipal court.

The judgment of the court of common pleas is, therefore, reversed and that of the municipal court affirmed.